[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT JOHN EBERLE'S MOTION TO STRIKE PLAINTIFFS' SUBSTITUTED COMPLAINT DATED MAY 26, 1998 (#151)
Plaintiffs, Donald L Franco and Parcc Health Care, Inc. ("plaintiffs"), as owner and tenant of a nursing home, respectively, allegedly entered into a written contract on April 19, 1995 with the defendant, John Eberle ("Eberle"), as architect, for services relating to the construction and renovation of the nursing facility. Subsequently, the plaintiffs filed suit against Eberle alleging that Eberle's services were defective with respect to the roofing and emergency generator.
Among other claims, the twelfth count of the complaint alleged a violation of the Connecticut Unfair Trade Practices Act ("CUTPA") under Connecticut General Statutes § 42-110a, et seq. Eberle filed a motion to strike dated January 20, 1998 with respect to this count which was not resolved at that time. Responsively, Eberle filed a motion for clarification dated May CT Page 3661 19, 1998 which was denied by the court (Levin, J.). Plaintiffs then filed a substituted complaint dated May 26, 1998 that alleged the CUTPA claim of their original complaint in the tenth count. Eberle now moves to strike the tenth count of plaintiffs' substituted complaint claiming that it fails to allege a violation of CUTPA because as an architect he is outside the reach of CUTPA for claims of professional negligence and further that the allegations are not based on entrepreneurial or business aspects of Eberle's services. For the reasons set forth below, the motion to strike is denied.
The purpose of a motion to strike is to test the legal sufficiency of a pleading. R.K. Constructors, Inc. v. FuscoCorp. , 231 Conn. 381, 384 (1994) A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged. Novametrix Medal Systems, Inc.v. BOC Group, 224 Conn. 210, 214 (1992). The court must construe the facts in the complaint most favorably to the plaintiff. Id. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. Id.
Eberle claims that although the tenth count incorporates plaintiffs' claims of breach of contract, professional negligence, concealment, and misrepresentation, the plaintiffs also must included material allegations concerning entrepreneurial or business aspects of Eberle's services in order to allege a violation of CUTPA. Eberle argues that only the entrepreneurial aspects of his profession are subject to CUTPA.
In Haynes v. Yale-New Haven Hospital, 243 Conn. 17, 34-35
(1997), the Supreme Court held that only the entrepreneurial or commercial aspects of the profession of medicine are covered by CUTPA. Id. at 34. Stated another way, the Supreme Court held that claims of professional negligence in the fields of medicine and law are outside the reach of CUTPA. The Supreme Court concluded for public policy reasons "it is important not to `interfere' with the attorney's primary duty of robust representation of the interests of his or her client." Id. The court applied this same public policy rational to physicians finding that the special relationship a physician has with his or her patient is similar to the special relationship an attorney has with his or her client and that this relationship should not be jeopardized for fear of liability under CUTPA. Id. at 34-39. Eberle argues that the same exception for professional negligence should apply to architects. CT Page 3662
The Supreme Court's exclusion of medical and legal malpractice claims turned, as noted above, on considerations of public policy. While there are similarities among the three professions, there are differences as well. Whether the "special relationship" between doctor/patient and attorney/client applies to the architect/client relationship so as to implicate the public policy considerations applied in Haynes is uncertain. Given this uncertainty, it would be inappropriate to extend the CUTPA exclusion beyond the holding in Haynes.[1]
Accordingly, the motion to strike is denied.
So ordered, at New Haven Connecticut this 23rd day of March, 1999.
Devlin, J. Superior Court of New Haven